IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MELISSA RUTH HALL                                                   PLAINTIFF

vs.                         Civil No. 2:17-cv-02085

NANCY A. BERRYHILL                                       DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Melissa Ruth Hall ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's application for SSI was filed on July 15, 2013. (Tr. 21). Plaintiff alleged she was disabled due to obesity, back problems, manic depression, and bipolar disorder. (Tr. 192). Plaintiff alleged an onset date of October 1, 2009. (Tr. 21). This application was denied initially and again upon reconsideration. *Id.* Thereafter, Plaintiff requested an administrative hearing on her

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___" The transcript pages for this case are referenced by the designation "Tr."

1

application and this hearing request was granted. (Tr. 148).

Plaintiff's administrative hearing was held on January 11, 2016. (Tr. 79-109). Plaintiff was present and was represented by counsel, Michael Hamby, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Barbara Hubbard testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty (40) years old and had a high school education. (Tr. 84).

On March 2, 2016, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (Tr. 21-33). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 15, 2013. (Tr. 23, Finding 1). The ALJ also determined Plaintiff had the severe impairments of vertigo, bipolar disorder, contusion to right shoulder in a motor vehicle accident in 2013, and de Quervain's tendonitis - tendonitis to the left wrist status post-surgery. (Tr. 23, Finding 2). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 24, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 26-31). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform medium work but was limited to work involving simple tasks and simple instructions. (Tr. 26, Finding 4).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 31, Finding 5). The ALJ found Plaintiff had no PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 31, Finding 9). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that

2

given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of representative occupations such as kitchen helper with 1,800 such jobs in the region and 277,800 such jobs in the nation, machine packager with 340 such jobs in the region and 30,700 such jobs in the nation, hospital cleaner with 370 such jobs in the region and 41,400 such jobs in the nation, and prep cook with 2,200 such jobs in the region and 270,000 such jobs in the nation. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act since July 15, 2013, the date the application was filed. (Tr. 32, Finding 10).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 16-17). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 3-6). On May 18, 2017, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 17, 23. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible

3

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred: (A) in the RFC determination, (B) by failing to fully develop the record, and (C) in failing to consider Plaintiff's alleged dyslexia. ECF No. 17, Pgs. 3-5. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 23.

**A. RFC**

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,*

228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform medium work but was limited to work involving simple tasks and simple instructions. (Tr. 26, Finding 4). Plaintiff argues the ALJ erred in this RFC determination. ECF No. 17, Pgs. 4. However, substantial evidence supports the ALJ's RFC determination.

In his opinion, the ALJ considered Plaintiff's alleged impairments and discounted those he found were not credible. Plaintiff has not referenced any specific limitations the ALJ improperly assessed or provided any medical evidence or other evidence demonstrating the ALJ erred in assessing his limitations. Plaintiff has the burden of demonstrating her alleged limitations. *See, e.g., Young v. Apfel,* 221 F.3d 1065, 1069 (8th Cir. 2000). Without more, the Court cannot find the ALJ erred in assessing her RFC. The mere fact Plaintiff suffers from a number of different impairments does not demonstrate she is disabled due to those impairments.

Substantial evidence supports the ALJ's RFC determination. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met her burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

**B. Duty to Develop Record**

The ALJ has the duty to fully and fairly develop the record, even where the Plaintiff is represented by counsel. If a physician's report of a claimant's limitations are stated only generally, the ALJ should ask the physician to clarify and explain the stated limitations. *See Vaughn v. Heckler*, 741 F. 2d 177,179 (8th Cir. 1984). Furthermore, the ALJ is required to order medical examinations and tests if the medical records presented do not provide sufficient medical evidence

to determine the nature and extent of a claimant's limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). The ALJ must develop the record until the evidence is sufficiently clear to make a fair determination as to whether the claimant is disabled. *See Landess v. Weinberger*, 490 F. 2d 1187, 1189 (8th Cir. 1974). In addition, a claimant must show not only that the ALJ failed to fully and fairly develop the record, but he must also show that he was prejudiced or treated unfairly by the ALJ's failure. *See Onstad v. Shalala*, 999 F.2d 1232, 1234 (8th Cir. 1993).

Plaintiff argues the ALJ should have further developed Plaintiff's intellectual functioning level. ECF No. 17, Pg. 4. Defendant argues substantial evidence shows the ALJ met his duty to fairly develop the record.

Initially the Court notes Plaintiff has failed to establish that the medical records presented did not provide sufficient medical evidence to determine the nature and extent of her limitations and impairments. *See Barrett v. Shalala*, 38 F. 3d 1019, 1023 (8th Cir. 1994). An ALJ is not required to order a consultative evaluation of every alleged impairment; he simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make an informed decision. *See Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989). An ALJ may issue a decision without obtaining additional medical evidence as long as other evidence in the record provides a sufficient basis for his decision. *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995). Here, the ALJ had sufficient evidence in support of his decision, and was not required to develop the record further.

Further, Plaintiff must not only show the ALJ failed to fully and fairly develop the record, but that she was prejudiced or treated unfairly by the ALJ's alleged failure to develop the record. Plaintiff has not set forth any evidence showing had the ALJ requested additional consultative examinations, the ALJ would have arrived at a different decision.

Therefore, I find the ALJ satisfied his duty to fully and fairly develop the record in this

matter.

## C. Failure to consider dyslexia

Plaintiff argues the ALJ failed to consider her dyslexia. ECF No. 17, Pg. 3. However, Plaintiff's argument is without merit.

To begin with, Plaintiff failed to allege a disability based upon dyslexia. (Tr. 192). Plaintiff alleged she was disabled due to obesity, back problems, manic depression, and bipolar disorder. *Id.* Plaintiff's failure to allege a disability based upon dyslexia is significant. *See Dunahoo v. Apfel*, 241 F.3d 1033, 1039 (8th Cir.2001).

Additionally, Plaintiff stated she could read with the help of an overlay. (Tr. 85-86). Plaintiff was also capable of completing her SSI application. (Tr. 201- 209). The record also indicates she worked for the Salvation Army in 2009 where she filed and completed applications. (Tr. 250).

Furthermore, on December 13, 2010, Plaintiff was seen by Dr. Kathleen Kralik for a Mental Diagnostic Evaluation. (Tr. 248-255). Dr. Kralik indicated Plaintiff's academic difficulties were likely due to low effort, poor attendance, and alcohol use between ages 10 and 16. (Tr. 249). During the evaluation, Plaintiff admitted she had a history of doing the minimum necessary to get by and had mastered success at getting others to do her work for her beyond a certain point in her academic career. *Id.* Dr. Kralik felt Plaintiff was inclined to act as if she had lower intellectual functioning, in part due to the secondary gain she derived from acting "slow" and getting others to take over tasks for her. (Tr. 252). Finally, Dr. Kralik could not rule out some exaggeration of difficulty in Plaintiff's performance on the mental status exam tasks. (Tr. 254).

The evidence does not support Plaintiff's claim of difficulties due to dyslexia beyond that

8

found by the ALJ in the RFC assessment wherein he limited her to work with simple tasks and simple instructions.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **13th day of April 2018.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE